158

362 P.2d 280

**J. Francis MacBRIDE, Plaintiff-Respondent,**

v.

**Frank MARTIN, Jr., Administrator of the Estate of W. D. McBride, Deceased, Defendant-Appellant.**

No. 8866.

Supreme Court of Idaho.

Jan. 27, 1961.

Martin & Martin, Homer E. Martin, Boise, for appellant.

J. N. Leggat, Boise, for respondent.

McQUADE, Justice.

The appellant appeals from a decree directing him, as administrator, to pay to respondent the sum of $2,634.63, and assigns as error the trial court's conclusions of law and the decree. The parties submitted the case to the trial court upon stipulated facts.

W. D. McBride died intestate on or about June 1, 1945, leaving an estate in Payette County, Idaho. On November 8, 1946, Frank Martin, Jr., was appointed administrator of the estate. On May 13, 1957, a decree of settlement of final account and final distribution was entered, ordering and decreeing that the sum of $2,634.64 be distributed to J. Francis MacBride. On May 21, 1957, the law firm of Martin and Martin, of which Frank Martin, Jr., is a partner, in Boise, Idaho, addressed to J. N. Leggat, counsel for respondent, a letter to which was attached a check payable to J. Francis MacBride in the sum of $1,126.91 and a statement from the law firm in the sum of $1,507.73, the statement purporting to be for legal services, expenses incurred, and money advanced by the said firm from January 28, 1948, to April 14, 1956, for and on behalf of J. Francis MacBride.

The present action was filed August 19, 1957, and the pending appeal is from the decree entered in that action.

A second action, still pending, was filed May 6, 1959, in the Ada County District Court by the firm of Martin and Martin against J. Francis MacBride, and on May 7, 1959, pursuant to an attachment issued, funds of J. Francis MacBride held by Frank Martin, Jr., as administrator of the

estate of W. D. McBride, deceased, were garnished.

In the instant case, there was no issue between the parties concerning an indebtedness due appellant from respondent as an offset. Appellant seeks to differentiate his status as administrator of the estate from his status as a partner in his firm of attorneys.

There being no plea in avoidance nor offset between the parties, the trial court was required to enter a decree in favor of the respondent. However, the parties stipulated, and the trial court found, that respondent had tendered $1,126.91, leaving a balance due in the sum of $1,507.73. The record is silent as to the status of the tendered check, whether it was accepted as part payment by respondent or returned to the appellant. If retained by respondent, it must be deemed as part payment, in which event the decree should have been in the sum of $1,507.73.

We are not to be understood as approving the findings of fact and conclusions of law of the trial court; some go beyond the issues which were properly triable.

The cause is remanded to the district court to determine whether the amount tendered to respondent was accepted as part payment and to enter its decree accordingly.

The effect of the attachment must be determined in the action in which the attachment was issued. Enforcement of the decree must await final determination of the offset claimed in the action in which the attachment issued.

No costs allowed.

TAYLOR, C. J., and SMITH, KNUDSON and McFADDEN, JJ., concur.